IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JONATHAN LEWIS on behalf of himself and all others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) 1:18-cv-00064-LCB-JEP ) |
| PRECISION CONCEPTS GROUP LLC, | ) ) ) |
| *Defendant*. | ) ) |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; APPROVING OF PLAINTIFF'S NOTICE OF SETTLEMENT AND APPROVING ANGEION GROUP AS THE SETTLEMENT ADMINISTRATOR**

WHEREAS, Plaintiff Jonathan Lewis (Plaintiff) and Precision Concepts Group LLC ("Defendant") have entered into the Settlement Agreement of Class and Collective Action and Release of Claims ("Settlement Agreement"), attached to Plaintiff's Unopposed Motion for Preliminary Approval as Exhibit A, which is intended to resolve claims asserted in this action by Plaintiff; and

WHEREAS, the Settlement Agreement, together with its exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendant;

WHEREAS, Plaintiff has requested that the Court enter an Order: (1) asserting jurisdiction over the claims alleged, Plaintiff and Defendant ("the Parties")

in this action, and the implementation and administration of the proposed Settlement Agreement; (2) adjudging the terms of the Settlement Agreement to preliminarily be fair, reasonable and adequate, and in the best interests of the Plaintiff, current opt-in plaintiffs, and members of the settlement classes, and direct consummation of its terms and provisions; (3) approving, as to form and content, the proposed Notice of Proposed Class and Collective Action Settlement ("Notice") and authorizing the delivery of the Notice, W-9 Form, and postcard regarding confidentiality of settlement to all members of the Settlement Classes by First Class U.S. Mail and and email, as set forth in Article V, Section 5 of the Settlement Agreement; (4) approving and appointing Angeion Group as the Settlement Administrator who will administrate this settlement; (5) setting a forty-five (45) calendar day deadline (from the date the Notice is postmarked to members of the Settlement Classes) to submit opt-out requests, comments, or objections to the settlement; and (6) scheduling a Final Approval Hearing for a date no sooner than seventy-five days after the date of this Order on Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Plaintiff's Motion for Preliminary Approval").

WHEREAS, the Court has before it, Plaintiff's Unopposed Motion for Preliminary Approval and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the

Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for Plaintiff and Defendant.

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Plaintiff's Motion for Preliminary Approval, the declaration(s) filed in support of the Plaintiff's Motion for Preliminary Approval, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

*Notice to Settlement Classes and Appointment of Claims Administrator*

1. The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, subject to final consideration thereof at the Final Approval Hearing provided for below.

2. The Court approves as the content of the Notice and Reminder Postcard, attached as Exhibits A-2 and A-5 to the Settlement Agreement, attached to Plaintiff's Motion for Preliminary Approval, respectively, and the manner of notice set forth in Article V of the Settlement Agreement;

3. The manner and content of Notice to be sent to members of the Settlement Classes set forth in Article V of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of Article V, Section 5 of the Settlement Agreement.

4. Rule 23 Settlement Class Members who do nothing upon receipt of the Notice will automatically receive a check for their pro-rated damages or Individual Settlement Amount, and they will release any claims they have under the North Carolina Wage and Hour Act.

5. Prior to the Final Approval Hearing, the Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

*Requests for Exclusion from the North Carolina State Law Settlement Class*

6. Should any Rule 23 Settlement Class Member wish to be excluded from the Settlement, he/she shall have 45 calendar days after the date their Notice was first sent, to submit a written request expressly asserting that he or she wishes to be excluded from the Settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in *Lewis, et al. v. Precision Concepts Group, LLC* No. 1:18-cv-00064-LCB-JEP" and should include the name, address,

telephone number, and signature of the individual requesting exclusion from the Settlement. All written requests for exclusion must be returned by First-Class U.S. Mail to the Settlement Administrator and must be postmarked no later than 45 calendar days from the postmark of the Notice. Any Rule 23 Settlement Class Member who requests exclusion from the Settlement will not be eligible to receive an Individual Settlement Amount payment and cannot object to the Settlement.

7. Members of the Rule 23 Settlement Class may not exclude themselves by filing requests for exclusion as a group or class but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator in accordance with the terms of the Settlement Agreement.

8. In the event the Settlement receives final approval, any Rule 23 Settlement Class Member who does not return a valid and timely written request for exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Rule 23 Settlement Class who do not timely and validly request to be excluded will be enjoined from proceeding

5

against the Defendant for the claims made in the Complaint.

9. All members of the Rule 23 Settlement Class who submit valid and timely notices of their intent to be excluded from the Rule 23 Settlement Class: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.

*Objections to the Settlement*

10. Consistent with the Settlement Agreement, members of the Rule 23 Settlement Class who have not requested exclusion and wish to object to the Settlement must file a written objection with the U.S. District Court for the Middle District of North Carolina setting forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served prior to the initial Final Approval Date set forth in the Notice. To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties may file a written response to the objection as time permits. Unless otherwise permitted by the Court, objecting Rule 23 Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Rule 23 Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person

or through a lawyer retained at their own expense. Any Rule 23 Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

*Approval and Appointment of Settlement Administrator*

11. The Court approves and appoints Angeion Group to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order. The Court HEREBY ORDERS and AUTHORIZES Angeion Group to perform the administrative duties specified herein.

**I.     Issue Notice of Settlement**

First, the Court ORDERS Angeion Group to issue the approved Notice, postcard regarding confidentiality of settlement, and W-9 Form, to all members of the Settlement Classes. To that end, Angeion Group shall:

1. Accept receipt of Class Member Information (as defined in Article I, Section 25 of the Settlement Agreement) and shall keep that information confidential in accordance with the terms of Article V, Section 3 of the Settlement Agreement;

2. Update the provided addresses for all members of the Settlement Classes using the National Change of Address database in accordance with the terms of Article V, Section 2 of the Settlement Agreement;

3. Prepare, format, print, and disseminate by First-Class U.S. Mail and via

7

text message the Notice approved by the Court and follow-up on any undeliverable Notices, in accordance with the terms of Article V, Section 4 of the Settlement Agreement;

4. Resend the approved Notice where appropriate in accordance with the terms of Article V, Section 7 of the Settlement Agreement; and

5. Twenty-two (22) days after the initial mailing of the Notice, send the short "Reminder Notice" agreed to by the Parties and approved by the Court to all Rule 23 Settlement Class Members to ensure they have received Notice of the Settlement, and if they have questions, they may contact Class Counsel.

## II. Collect Required Forms and Requests for Exclusion

The Court FURTHER ORDERS Angeion Group to collect written requests for exclusion by members of the Rule 23 Settlement Class who do not wish to participate in the proposed settlement. As part of these tasks, Angeion Group shall:

1. Establish and maintain a P.O. Box, e-mail account, and fax number for receipt of W-9 Forms for anyone who sends them back electronically, as well as requests for exclusion and other communications from the members of the Settlement Classes; however, Rule 23 class and FLSA collective members will receive their Individual Settlement Amounts as long as they do not exclude themselves, irrespective of whether they send back the W-9; and

2. Contact any members of the Rule 23 Settlement Class who timely and

properly submits both (i) a written request for exclusion, and (ii) objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and object to the settlement, and ask such individuals which option they wish to pursue.

**III.  Establish and Distribute Funds from a Qualified Settlement Fund**

Additionally, the Court ORDERS that, following the issuance of an Order from this Court, if any, granting final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in Article 1, Section 14 of the Settlement Agreement, Angeion Group shall take the necessary steps, consistent with the Court-approved settlement, to distribute Individual Settlement Amounts (as defined in Article 1, Section 17 of the Settlement Agreement) to members of the Settlement Classes, as well as to make any other Court-authorized payments under the Settlement.  This shall include:

1. Setting up a Qualified Settlement Fund ("QSF") and accepting distribution by Defendant of the of the Gross Settlement Amount, as set forth in Article IV, Section 1 of the Settlement Agreement, into that fund in accordance with the terms of Article V, Section 12 of the Settlement Agreement;

2. Paying Court-authorized awards of Class Counsel's Fees and Expenses (as set forth in Article IV, Section 4 of the Settlement Agreement), if any, from the

9

QSF, and issuing I.R.S. Form 1099 to Class Counsel for such payments, in accordance with the terms of Article IV, Section 5 of the Settlement Agreement;

3. Paying Court-authorized Service Awards to the Named Plaintiff and early Opt-in Plaintiffs (as set forth in Article IV, Section 3 of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099 to Plaintiffs for such payments, in accordance with the terms of Article IV, Section 5 and Article V, Section 12 of the Settlement Agreement;

4. Paying consideration to Named Plaintiff for the release of his individual FMLA claims in the agreed upon amount of $75,000 from the QSF;

5. Determining the costs of Angeion Group's own services and expenses in connection with the administration of the Settlement prior to the mailing of the Settlement Notice, in accordance with the terms of Article I, Section 7 and Article V, Section 13 of the Settlement Agreement;

6. Calculating the amount of the Individual Settlement Amounts in accordance with the terms of Article IV, Section 2 of the Settlement Agreement;

7. Receiving and maintaining the Individual Settlement Amounts to be distributed to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members;

8. Determining which members of the Rule 23 Settlement Class and FLSA Collective are participating in the Settlement and are authorized to receive Individual Settlement Amounts;

9. Performing all tax reporting duties required by federal, state, or local law, in accordance with the terms of Article IV, Section 5 of the Settlement Agreement;

10. Preparing and sending, by U.S. Mail, Individual Settlement Amounts to Participating FLSA Collective Members and Rule 23 Settlement Class Members in accordance with the terms of Article IV, Sections 2 and 5, and Article V, Section 12 of the Settlement Agreement;

11. Preparing and sending, by U.S. Mail, I.R.S. Forms 1099 to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members, following the issuance of Individual Settlement Amounts, in accordance with the terms of Article IV, Section 5 of the Settlement Agreement;

12. Providing copies of each negotiated settlement check to Defendant;

13. Voiding and placing stop-payments on Individual Settlement Amount checks that are not negotiated within one hundred-eighty (180) calendar days after being mailed to by Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members, or that are reported as potentially stolen or lost by a

Participating Rule 23 Settlement Class Member or Participating FLSA Collective Member;

14. Resending undeliverable Individual Settlement Amount checks in accordance with the terms of Article V, Section 12 of the Settlement Agreement;

15. Within one-hundred eighty (180) days after mailing the Individual Settlement Amount checks, preparing and sending to Defendant and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed and, within seven (7) days of providing this accounting, issuing a check to the *cy pres* beneficiary identified in Article V, Section 14 in accordance with the terms of that Section of the Settlement Agreement.

## IV. Mail Copies of Order Granting Final Approval to Settlement

16. In the event that the Court grants final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in Article I, Section 15 of the Settlement Agreement, as part of the distribution of Individual Settlement Amounts, the Court FURTHER ORDERS Angeion Group to send each member of the Settlement Classes, in accordance with the terms of Article V, Section 12 of the Settlement Agreement, a letter approved by Class Counsel and Defense Counsel explaining that the settlement has received final approval and the claims released by the recipient.

**V.     Reporting Activities to the Parties**

1.     Angeion Group is HEREBY ORDERED to regularly report to the Parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the Settlement Agreement in accordance with the terms of Article V, Section 10 of the Settlement Agreement.  This shall include informing the Parties of the dates Angeion Group mails the Notice to members of the Settlement Classes, when it distributes and funds from the QSF, and when it mails the Court's order granting final approval of the proposed settlement, if any.

2.     Specifically, in accordance with the terms of Article V, Section 10 of the Settlement Agreement, Angeion Group shall provide Class Counsel and Defense Counsel, as soon as practicable following the end of the notice period, and the resolution of any deficient submissions, but before the date of the Final Approval Hearing, with a declaration of due diligence and proof of mailing or transmittal with regard to the sending of the Notice.  Class Counsel shall bear the responsibility of filing this declaration with the Court prior to the Final Approval Date.

3.     To allow the Parties and the Court to evaluate the work performed by Angeion Group in this matter, Angeion Group is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Settlement Classes; (ii) records reflecting the

dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, text, e-mail, or telephone); (iii) the original mailing envelope for any returned Notice, any W-9 forms received, any written requests for exclusion, or any other correspondence received from members of the Settlement Classes; (iv) logs or date-stamped copies showing the dates and times of receipt of tax forms received by fax; (v) the original copies of any U.S. mail, text or email communications with any members of the Settlement Classes.

## VI. Miscellaneous

1. MOREOVER, the Court ORDERS that from the mailing of the Notice, through one-hundred eighty (180) days following the final distribution of funds from the QSF to Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members, Angeion Group shall establish and maintain a toll-free telephone number for inquiries from Settlement Class members regarding the notice and distribution process.

2. The Court FURTHER ORDERS that counsel for all Parties have the right to review and approve any documents to be mailed by Angeion Group in connection with the proposed settlement prior to their mailing, and Angeion Group may not mail any such documents without first receiving written approval from counsel for the Parties or direction from the Court to send such documents.

3. Angeion Group is FURTHER ORDERED to take reasonable steps to

protect the disclosure of any and all personal information concerning members of the Settlement Classes provided to Angeion Group by counsel for the Parties, including but not limited to Class Member Information (as defined in Article I, Section 25 of the Settlement Agreement). This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of Article V, Section 3 of the Settlement Agreement).

4. Finally, Angeion Group is ORDERED to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the W-9 Forms submitted by members of the Settlement Classes, (if any), and requests for exclusion from those Rule 23 Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

*The Final Approval Hearing*

1. Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Classes, and

15

whether a final judgment as to Plaintiff's claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

2. At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs.

3. The Final Approval Hearing is hereby scheduled to be held before this Court on the ___ day of _____ 2020 **[DATE AT LEAST 75 DAYS AFTER THE DATE OF THIS ORDER]**, at ___:__0__.M. in Courtroom __ of the United States District Court, 251 N. Main St., Winston-Salem, North Carolina 27101.

4. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Rule 23 Settlement Class other than that which may be posted by the Court.

5. Only members of the Rule 23 Settlement Class members who have filed and served timely notices of objection in accordance with the terms of Article V, Section 6 of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any member of the Rule

23 Settlement Class who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

### *Other Provisions*

6. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

7. The costs of settlement administration shall be paid as set forth in Article V, Section 13 of the Settlement Agreement.

8. For all the reasons stated in the Plaintiff's Motion for Preliminary Approval, immediately following the entry of this Order, all members of the Rule 23 Settlement Class shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on alleged violations of any North Carolina State law (including statutory, regulatory, and common law) pertaining to hours of work or payment of wages, including without limitation all claims that were or could have been asserted in the above-captioned case by or on behalf of manufacturing and/or assembly line employees who worked for

the Defendant within the time period applicable to the Rule 23 Settlement Class. This injunction shall remain in effect through the dismissal of this case, as defined herein.

  **SO ORDERED**, this \_\_\_\_\_ day of _____

_____
THE HONORABLE LORETTA C. BIGGS
UNITED STATES DISTRICT JUDGE